JOB S. STEERE *vs.* CHARLES STAFFORD.

A. recovered judgment against B., and is insolvent. B. has a suit pending against A. :
*Held,* that A.'s execution should be stayed till the decision of B.'s suit.
*Held,* further, that such a stay of execution would not work the dissolution of an attachment under Gen. Stat. R. I cap. 211, § 20.
*Query.* Whether if after issue of the execution and before its levy, an order staying proceedings is issued and remains in effect till after the return day of the execution, the attachment would not be dissolved.

ASSUMPSIT. On defendant's motion to stay execution.

*June* 29, 1878. POTTER, J. It appears that the defendant in this suit has a suit pending against the plaintiff, and the motion is for a stay of execution in this case until the other one can

be decided. In the circumstances, it being represented that the plaintiff is insolvent, we think the motion should be granted.

The plaintiff objects that having made an attachment on his original writ he may lose his attachment by the stay, and he refers to Gen. Stat. R. I. cap. 211, § 20, which provides that, " whenever final judgment shall be rendered for the plaintiff in any suit in which the writ was served by attachment of real estate, or goods and chattels, or stock or shares in any incorporated company, the execution issued on such judgment at the same term such judgment was rendered shall be levied on the property so attached, as soon as may be; but if the same shall not be so levied before the return day thereof, the property attached shall be discharged of such attachment."

This provision appears in the Digest of 1844, p. 114, § 6, but without the words " at the same term." These words first appear in the report of the revisors in 1856–57, and were incorporated into Rev. Stat. R. I. cap. 181, § 18.

This court has by law general power to stay executions in any stage of proceeding, and we cannot suppose it could have been the intention of the legislature that a party should lose his levy by the act of the court over which he could have no control. If, when the court does not interfere, he does not proceed with due diligence in the assertion of his legal rights, the case is very different.

But to guard against misconstruction, we would say that, if after the execution issued and before levy, an order was made for staying proceedings, and such stay should be continued beyond the return day of the execution, it might be questionable whether the attachment would not be discharged. It has been so decided in Pennsylvania. But even in that case the levy might be preserved by staying proceedings after the levy instead of before. *Sturges's Appeal*, 86 Pa. St. 413; *Commonwealth* v. *Magee*, 8 Pa. St. 240. *Execution stayed till further order.*

*Dexter B. Potter*, for plaintiff.

*Thurston & Ripley* and *Stephen Essex*, for defendant.